NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN BLACKBURN,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA *d/b/a* CIGNA GROUP INSURANCE,<br><br>Defendant. | Civil Action No.: 17-11940 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of the Motion for Summary Judgment filed by Defendant Life Insurance Company of North America *d/b/a* Cigna Group Insurance, pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (ECF No. 17). Plaintiff Jonathan Blackburn also filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (ECF No. 20). The parties respectively filed oppositions and replies thereto. (ECF Nos. 24, 25, 26, 27). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court hereby grants Defendant's Motion and denies Plaintiff's Motion.

## I. BACKGROUND[1]

### A. Plaintiff's Insurance Policy

Plaintiff was a software developer for the company Leidos Inc. (Def. SMF ¶ 2). His employment at Leidos Inc. predominantly required sedentary work with occasional walking and/or lifting of up to ten pounds. (Def. SMF ¶ 15). As a benefit of his employment, Plaintiff had an insurance policy with Defendant that was governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (Def. SMF ¶¶ 1, 4).

Plaintiff's insurance policy provided among other things that he was entitled to long term disability ("LTD") benefits under certain conditions. (Def. SMF ¶¶ 4–5). Specifically, Plaintiff was entitled to LTD benefits for up to twenty-four months if he proved that he was: (1) "unable to perform all the material duties of his . . . regular occupation"; and (2) "unable to earn 80% or more of his . . . Indexed Covered Earnings." (Def. SMF ¶ 6). Following this twenty-four month period, Plaintiff would be considered disabled under the insurance policy only if he was: "(1) unable to perform the material duties of any occupation for which he . . . may reasonably become qualified based on education, training or experience"; and (2) "unable to earn 60% or more of his . . . Indexed Covered Earnings." (Def. SMF ¶ 6). Under the policy, Defendant was the claims administrator and was therefore in charge of approving or denying an insured's claim. (Def. SMF ¶ 11). Defendant also had the discretion under the insurance policy to interpret said policy's terms. (Def. SMF ¶ 13).

---

[1] This background is taken from the parties' statements of material facts, pursuant to Local Civil Rule 56.1. (ECF No. 17-2, Defendant's Rule 56.1 Statement of Material Facts ("Def. SMF"); ECF No. 20-2, Plaintiff's Rule 56.1 Statement of Material Facts ("Pl. SMF"); ECF No. 24-1, Defendant's Reply to Plaintiff's Statement of Material Facts; ECF No. 25-1, Plaintiff's Reply to Defendant's Statement of Material Facts). To the extent that Plaintiff admits to any Material Facts as stated by Defendant, the Court will cite only to "Def. SMF" and the relevant paragraph number.

## B. Plaintiff's Claim for LTD Benefits

In late February 2016, Plaintiff stopped working for Leidos Inc. and applied for LTD benefits pursuant to his insurance policy. (Def. SMF ¶ 14). Plaintiff claimed that he was disabled due to fibromyalgia, degenerative disc disease, chronic pain, migraines, and depression. (Def. SMF ¶ 14; Pl. SMF ¶¶ 5, 23). To support his claims, Plaintiff submitted a "Disability Questionnaire & Activities of Daily Living" form in which he reported severe neck and lower-back pain that: (1) prevented him from sitting behind a computer for more than a few minutes; and (2) required him to change seated positions every hour. (Def. SMF ¶¶ 17–19). Plaintiff also submitted the medical records from several of his physicians—including his rheumatologist, psychiatrist, pain management doctor, and family doctor. (Def. SMF ¶ 20). According to Defendant, the only physician who did not produce records was Plaintiff's neurologist, Dr. Richard Erwin, because said doctor had not treated Plaintiff on or after February 1, 2016. (Def. SMF ¶ 21).

Defendant reviewed the records provided by Plaintiff's physicians and found them to be internally inconsistent. For example, Plaintiff's rheumatologist, Dr. Rosalia Lomeo, reported that Plaintiff could not sit, stand, or walk for an extended period of time, but Plaintiff's examination records reveal that Plaintiff had normal gait, reflexes, and range of motion. (Def. SMF ¶¶ 26, 31–38, 95–96). Additionally, according to Defendant, the opinion of Plaintiff's psychiatrist, Dr. Wayne Chang, that Plaintiff was disabled due to depression and other mental conditions was not consistent with the fact that Dr. Chang: (1) opined that Plaintiff could think and perform in a logical manner with only moderate difficulty; (2) reported that Plaintiff possessed no suicidal thoughts or intent; (3) only met with Plaintiff once every six weeks; and (4) did not recommend a more intensive treatment plan for counseling or medication. (Def. SMF ¶¶ 42–63). Interestingly, Dr.

3

Chang's records also revealed that Plaintiff contemplated seeking other employment in the months leading up to his departure from Leidos Inc. because of difficulties with a supervisor. (Def. SMF ¶¶ 52–53).

Defendant also had Plaintiff's case reviewed by several independent medical specialists. (Def. SMF ¶¶ 88–89, 116–17). For example, Dr. David McKenas, a board-certified occupational medicine specialist, reviewed Plaintiff's records and concluded that:

> The records provided consistently reflect objective deficits limited to tenderness without correlating impairment in range of motion, strength, balance, or gait that would support a loss of function to support work-based restrictions or that would preclude the customer from working in any capacity during that time period from 02/26/16 to the present. There is no documentation from any recent diagnostic studies that would support a loss of functionality due to pathology identified. Although there is documented reported difficulty with concentration, there is no support for any objective diagnostic testing which would support cognitive loss impacting function. Subjective complaints of pain, fatigue, and difficulty with concentration without correlating functional deficits do not support functional limitations or work restrictions.

(Def. SMF ¶ 89).

Defendant also sought among other things the opinion of Dr. Carol Flippen, a board-certified psychiatrist, who found that Plaintiff did not have a severe mental illness because: (1) the record did not show the severity, intensity, and/or duration of specific symptoms of depression or other conditions which would indicate a severe mental illness; and (2) there was no evidence that Plaintiff was treated with a course of emotional or behavioral therapy consistent with the treatment of a "severe mental illness causing functional mental impairments." (Def. SMF ¶ 84). On October 26, 2016, based on a review of the abovementioned evidence, Defendant found that Plaintiff was not disabled and denied his claim for benefits. (Def. SMF ¶ 90).

In November 2016, Defendant considered additional reports from Dr. Chang describing a worsening in Plaintiff's depression due to his decision to stop taking his anti-depressants and his wife's hospitalization. (Def. SMF ¶ 93). However, on November 18, 2016, Defendant found that said reports did not change its decision and restated its denial of Plaintiff's LTD benefits claim. (Def. SMF ¶ 98).

### C. Plaintiff's Appeal filed with Defendant

In June 2017, Plaintiff, with the assistance of counsel, appealed Defendant's denial of Plaintiff's LTD benefits claim. (Def. SMF ¶ 99). In support of his appeal, Plaintiff submitted: (1) medical records from his neurologist, Dr. Erwin, from 2015; and (2) updated records from Dr. Chang demonstrating treatment from November 2016 through May 2017. (Def. SMF ¶¶ 100–10).

However, Defendant again found that these records did not support a conclusion that Plaintiff suffers from a functionally impairing disability. Specifically, Defendant concluded that Dr. Erwin's examinations showed that Plaintiff had "relatively full range of motion," normal muscle tone and gait, no occipital nerve tenderness, and no acute distress. (Def. SMF ¶¶ 101–02). Additionally, Defendant found that Dr. Chang's updated reports were consistent with those already submitted and showed that Plaintiff was calm with linear and logical thought processes. (Def. SMF ¶¶ 105–10). In fact, Dr. Chang's updated reports showed that he decreased Plaintiff's dosage of anti-depressant medication. (Def. SMF ¶ 107).

In reviewing the abovementioned medical records and Plaintiff's appeal, Defendant consulted two independent medical specialists. (Def. SMF ¶¶ 112, 116). First, Dr. Elana Mendelssohn, a neuropsychologist, disagreed with Dr. Chang's assessment because Plaintiff's treatment showed a long standing history of anxiety and depression which started before any work absences. (Def SMF ¶¶ 112–13). Additionally, according to Dr. Mendelssohn, there was no

indication in the record that Plaintiff engaged in any cognitive testing or increased treatment for his alleged worsening mood. (Def. SMF ¶ 113). As for Plaintiff's complaints of physical disabilities, Dr. Leo Lombardo, a pain management physician, opined that

> Imaging of the spine revealed only mild to moderate underlying pathology that would not indicate the need for restrictions or limitations. Although these findings may contribute to ongoing complaints of chronic spinal pain, neurological examination is noted to be normal (inconsistent with the diagnosis of radiculopathy) and the degenerative changes are not of such severity as to indicate that they would affect performance of work duties. Similarly, x-ray of the right hip revealed only mild degenerative change. The claimant's complaints of pain are out of proportion to imaging and examination findings. Dr. Lomeo also attributed pain, in part, to fibromyalgia, but from a pain management perspective, activity should be encouraged in the treatment of fibromyalgia.

(Def. SMF ¶ 117).

Both Drs. Mendelssohn and Lombardo attempted to call Plaintiff's treating physicians, but were unable to contact said physicians. (Def. SMF ¶¶ 114–15, 118–19).

On August 31, 2017, upon reviewing the abovementioned information, Defendant again concluded that Plaintiff cannot satisfy the definition of disability under the insurance policy, and upheld its denial of Plaintiff's LTD benefits claim. (Def. SMF ¶ 120).

**D. Plaintiff's Filing of this Action**

Accordingly, on November 21, 2017, Plaintiff brought this action against Defendant pursuant to ERISA, seeking entitlement to past and future payments of LTD benefits under his insurance policy. (*See generally* ECF No. 1). Defendant and Plaintiff both move for summary judgment. (ECF Nos. 17, 20).

## II. LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists "no genuine dispute as to any material fact" and the movant is entitled

to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III. ANALYSIS

As both parties correctly assert, the denial of benefits by a plan administrator who has the discretion to determine eligibility of benefits, such as Defendant, is reviewed under an "arbitrary and capricious" or "abuse of discretion" standard. *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120–21 (3d Cir. 2012).[2] The Third Circuit has stated that, under this standard, "Courts defer to an administrator's findings of facts when they are supported by 'substantial evidence,' which we have 'defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 121 (quoting *Soubik v. Dir., Office of Workers' Comp. Programs*, 366 F.3d 226, 233 (3d Cir. 2004)). Accordingly, the Court shall only analyze whether Defendant's decision was without reason, not supported by substantial evidence, or incorrect as a matter of law. *See id.* (stating same).

---

[2] The terms "arbitrary and capricious" and "abuse of discretion" are used interchangeably in this context. *Id.* at 121 n.2.

7

Here, Plaintiff argues that Defendant's decision failed to consider the substantial evidence presented by Plaintiff in the record, including several of his treating physicians' opinions. (*See generally* ECF No. 20-1). As an example, Plaintiff points to the opinion of Dr. Lomeo that Plaintiff is unable to work based on among other things his fibromyalgia and lower-back pain, which allegedly caused Plaintiff severe pain and affected his focus. (*Id.* at 4–5). Plaintiff also claims that Defendant did not consider the records of Dr. Bhavin Suthar, particularly the magnetic resonance imaging ("MRI") of Plaintiff's spine and Plaintiff's treatment with epidural shots. (*Id.* at 8, 11). Finally, Plaintiff argues that Defendant arbitrarily dismissed Dr. Chang's reports that Plaintiff had "continued" and "unabated" depression, anxiety, and fatigue, which caused Plaintiff to "crash[]" after approximately four hours of working. (*Id.* at 13–14).

However, the uncontested record reflects that Defendant specifically weighed the evidence presented by these physicians in concluding that Plaintiff did not meet the definition of disabled under the insurance policy. Specifically, one of Defendant's consulted specialists, Dr. McKenas, reviewed all of Dr. Lomeo's reports from February 23, 2016 through October 5, 2016. (Def. SMF ¶ 89). In his review, Dr. McKenas recited Dr. Suthar's evaluations of Plaintiff and referenced Plaintiff's epidural injections. (ECF No. 18-8 at 551; *see also* ECF No. 18-5 at 381 (one of Dr. Suthar's evaluations, which Dr. McKenas accurately reflects in his report)). Defendant also had a pain management specialist analyze Plaintiff's MRI during Defendant's review of Plaintiff's appeal. (Def. SMF ¶¶ 116–17). As for Plaintiff's alleged mental disabilities, Dr. Chang's records were reviewed by several medical specialists, including an adult and forensic psychiatrist and a neuropsychologist. (Def. SMF ¶¶ 81, 83, 111–13).

Rather than ignoring this evidence, Defendant specifically considered the opinions of Plaintiff's treating physicians, and found that they were contradicted by the medical record and

outweighed by the opinions of Defendant's consulted specialists. For example, Dr. McKenas reported that Dr. Lomeo's findings were predominantly based on Plaintiff's subjective pain complaints and were not supported by the medical evidence. (Def. SMF ¶ 89). According to Dr. McKenas, Plaintiff's records showed "tenderness without correlating impairment in range of motion, strength, balance, or gait that would support a loss of function to support work-based restrictions." (Def. SMF ¶ 89). Additionally, Defendant's specialists reported that Dr. Chang assessed Plaintiff's depression and other symptoms affecting occupational functioning to be moderate and within normal ranges. (Def. SMF ¶¶ 50, 81–84). Moreover, during Defendant's review of Plaintiff's appeal, a pain management specialist found that Plaintiff's MRI "revealed only mild to moderate underlying pathology that would not indicate the need for restrictions or limitations." (Def. SMF ¶ 117).

Although Plaintiff takes issue with the fact that Defendant assigned greater weight to its independent specialists rather than Plaintiff's treating physicians, Defendant's determination was nevertheless appropriate as "ERISA does not require [defendant] plan administrators to accord special deference to opinions of treating physicians, nor does it impose a heightened burden of explanation on [defendant plan] administrators when they reject a treating physician's opinion." *Baker v. The Hartford Life Ins. Co.*, No. 08-6382, 2010 WL 2179150, at *14 (D.N.J. May 28, 2010) (citing *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003)) *aff'd*, 440 F. App'x 66 (3d Cir. 2011).[3] Considering Defendant analyzed the medical opinions of Plaintiff's

---

[3] The Court similarly rejects Plaintiff's argument that Defendant's decision was improper because it was the administrator and payor of Plaintiff's claim, as such a structural conflict is given little weight unless Plaintiff can show that the conflict influenced Defendant's decision. *See Irgon v. Lincoln Nat'l Corp.*, No. 12-4731, 2014 WL 12718984, at *7 (D.N.J. Oct. 23, 2014) (citations omitted). Here, Plaintiff does not allege any specific facts supporting such a finding, but rather offers a conclusory statement that a conflict exists. (*See* ECF No. 20-1 at 16–17). Indeed, Plaintiff fails to offer specific facts to support several of his arguments as to how Defendant abused its discretion. (*See, e.g.*, ECF No. 20-1 at 19 (stating, without offering or citing specific facts in the record, that Defendant failed to evaluate whether Plaintiff could perform all the material duties of his occupation)). Accordingly, the Court rejects Plaintiff's remaining arguments.

treating physicians, credited said opinions with the weight it found appropriate, and relied on said opinions along with the other evidence in the record, the Court finds that Defendant's denial of Plaintiff's LTD benefits claim was based on substantial evidence. Accordingly, a reasonable fact finder could not conclude that Defendant abused its discretion, and the Court finds that Defendant is entitled to summary judgment.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment. An appropriate Order follows this Opinion.

Dated: ~~February~~ March 4, 2019.

JOSÉ L. LINARES
Chief Judge, United States District Court